NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 20 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DARREN KOSSEN, | No.    21-71346 |
| Petitioner, | LABR No.   2019-AIR-00011 |
| v. | |
| ASIAN PACIFIC AIRLINES; U.S. DEPARTMENT OF LABOR, | MEMORANDUM[*] |
| Respondents. | |

On Petition for Review of an Order of the
Department of Labor

Argued and Submitted February 14, 2023
Seattle, Washington

Before:  PAEZ and VANDYKE, Circuit Judges, and LIBURDI,[**] District Judge.

Darren Kossen petitions for review of the Administrative Review Board's

("ARB") affirmance of an Administrative Law Judge's ("ALJ") denial of his

complaint under the Wendell H. Ford Aviation Investment and Reform Act for the

21st Century ("AIR 21").  AIR 21 protects employees who report information to an

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Michael T. Liburdi, United States District Judge for the District of Arizona, sitting by designation.

employer or the federal government they reasonably believe relates to a violation of any order, regulation or standard of the Federal Aviation Administration. 49 U.S.C. § 42121(a)(1). Kossen alleges that his past employer, Asian Pacific Airlines ("APA"), retaliated against him for his protected whistleblowing activities by (1) refusing to promote him to captain; (2) terminating him after he rescinded his resignation; and (3) blacklisting him, which impacted his subsequent employment at TransAir, Empire Airlines ("Empire"), and Wing Spirit.

We have jurisdiction under 49 U.S.C. § 42121(b)(4)(A). We review the ARB's Final Decision and Order under the Administrative Procedure Act, 5 U.S.C. § 706(2); 49 U.S.C. § 42121(b)(4)(A). Under Section 706, "the ARB's legal conclusions must be sustained unless they are arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, and its findings of fact must be sustained unless they are unsupported by substantial evidence in the record as a whole." *Calmat Co. v. U.S. Dep't Labor*, 364 F.3d 1117, 1121 (9th Cir. 2004). We review "the decision of the ARB rather than the ALJ, but the ARB is required to consider conclusive the ALJ's factual findings if supported by substantial evidence." *Id.* at 1121–22. We deny the petition for review.

Foremost, we cannot consider many of Kossen's arguments because he failed to raise them before the ARB and thus, they are waived. *See* 29 C.F.R. § 1979.110(a). In addition, we cannot examine whether the ARB abused its

2

discretion in denying Kossen's motions to reconsider and reopen the record because Kossen's petition does not challenge these orders. *See* 49 U.S.C. § 42121(b)(4)(A); Fed. R. of App. P. 15(a)(2). The issues properly exhausted and before this court are: (1) whether the ARB employed the wrong standard of review; (2) whether the ARB erred in finding that the ALJ did not abuse his discretion in excluding certain exhibits; (3) whether the ARB's finding that Kossen failed to prove by a preponderance of the evidence that he faced an adverse action is supported by substantial evidence; and (4) whether the ARB legally erred in concluding that Kossen failed to prove causation by a preponderance of the evidence. We address each issue in turn.

1.    The ARB did not employ the wrong standard of review. Contrary to Kossen's arguments, the ARB does not review the ALJ's factual findings de novo but rather for substantial evidence, which it did here. *See Calmat*, 364 F.3d 1121–22. Furthermore, the ARB properly reviewed de novo Kossen's objections to the ALJ's authority to exclude evidence and determined the ALJ did not err. Kossen's argument that the ARB's legal analysis was not sufficiently exhaustive is meritless. *See* 29 C.F.R. § 1979.110(b) (explaining that the ARB is permitted to adopt the decision of the ALJ).

2.    The ARB correctly concluded that the ALJ did not abuse his discretion in excluding certain evidence. *See Calmat*, 364 F.3d 1122 (holding that

we review evidentiary rulings for abuse of discretion and may only reverse if the error was prejudicial). Kossen argues that the ALJ erred in excluding key emails, which he contends demonstrate that he rescinded his resignation without reservation and that APA affirmatively accepted it.

Kossen, however, had many opportunities to seek admission of this evidence, but repeatedly disregarded the ALJ's pre-hearing procedural rules. Even after Kossen failed to comply with the ALJ's Pre-Hearing Order, the ALJ afforded him the opportunity to admit evidence. Yet, he still did not include these documents in his exhibit list or present them for admission on the first day of the hearing. The ALJ acted well within his discretion in proceeding rather than continuing the hearing to allow Kossen to cure his procedural errors. The ALJ reasonably decided that a continuance would be prohibitively expensive because of the distances the participants had traveled and would unfairly burden the other parties when Kossen had ample time to prepare. *See* 29 C.F.R. § 18.102 (establishing that an ALJ should set rules to "secure fairness in administration, elimination of unjustifiable expense and delay").

The ALJ also did not abuse his discretion in refusing to admit the emails when they could not be authenticated. Kossen only attempted to enter the emails into evidence during the cross-examination of the APA Director of Operations. Despite Kossen's failure to introduce the exhibits earlier, the ALJ stated he would

4

admit them if the witness could authenticate the documents. However, the Director of Operations stated that he did not recall the emails and was seeing them for the first time. Thus, the ALJ did not abuse his discretion in excluding the emails. *See* 29 C.F.R. § 18.901(b)(1) (permitting authentication when testimony states that "a matter is what it is claimed to be").

Finally, these emails were not part of the record simply because they were exhibits to depositions that were admitted at the hearing. *See* 29 C.F.R. § 18.82(f) (stating that parties may submit portions of documents); 29 C.F.R. § 18.55(a)(2) (establishing that "[a]ll or *part* of a deposition" may be used at a hearing (emphasis added)).

**3.** The ARB's determination that Kossen failed to prove by a preponderance of the evidence that he faced an adverse action, whether by being (1) denied a promotion to captain, (2) blacklisted, or (3) terminated, is supported by "substantial evidence." *See Nat. Res. Def. Council v. U.S. Env't Prot. Agency*, 31 F.4th 1203, 1206 (9th Cir. 2022).

First, substantial evidence in the record supports the ARB's ruling that Kossen failed to demonstrate that APA retaliated against him by not promoting him to captain. Importantly, the ALJ correctly concluded that this claim was time-barred as Kossen learned that he would not be made captain before October 2017 and filed his AIR 21 complaint in February 2018, and thus, did not meet the

5

requisite ninety-day filing deadline.  *See* 49 U.S.C. § 42121(b)(1).  Kossen also failed to substantiate his claim because he did not present any evidence before the ALJ showing that APA promoted another equally or less-qualified first officer to captain.  Moreover, the record supports that Kossen needed to improve his Crew Resource Management ("CRM") skills before being promoted to captain.

Second, substantial evidence supports the ARB's determination that Kossen failed to demonstrate that APA blacklisted him.  Regarding his prospective employment at TransAir, Kossen did not present any persuasive evidence that APA provided a negative reference and the record supports that TransAir had other reasons for withdrawing its job offer.  Kossen's insistence on the importance of one witness's testimony is not persuasive.  The ALJ found Kossen's witness's testimony only marginally relevant as the witness could not confirm that APA communicated with TransAir.  With respect to Kossen's employment at Empire, Kossen did not offer any evidence that APA ever contacted Empire regarding Kossen and thus, failed to demonstrate that APA interfered with his employment.  Furthermore, the record is replete with evidence that Kossen was denied positions, demoted, and ultimately terminated on account of a safety incident, his flying credentials, and his poor CRM skills.  Finally, in regard to Wing Spirit, Kossen failed to substantiate his claim that APA disclosed anything negative about him

6

and the ALJ reasonably found APA's narrative more credible than Kossen's rendition of events.

Third, substantial evidence supports the ALJ's conclusion that Kossen did not demonstrate by a preponderance of the evidence that he was terminated. Because Kossen failed to obtain admission of the contested emails into the record, the ALJ had to rely heavily on witness testimony, taking into consideration credibility determinations, and make do with scant documentary evidence. The record supports that Kossen resigned and accepted a position at Empire and that APA hired a replacement pilot. Furthermore, it is unclear whether Kossen actually cut ties with Empire or merely postponed his start date, undermining his contention that he intended to stay with APA indefinitely. Because the ALJ did not find Kossen completely credible, the ALJ gave greater weight to APA's narrative, which reasonably explained that the company only intended for Kossen to stay on during the busy holiday season, not permanently. Without any documentary evidence that Kossen had effectively rescinded his resignation, the ALJ's conclusion that Kossen set the events in motion by resigning, rather than being terminated, is a "rational interpretation" of the evidence. *Gebhart v. SEC*, 595 F.3d 1034, 1043 (9th Cir. 2010) (citation omitted).

4.     Because the ARB's determination that Kossen failed to prove by a preponderance of the evidence that APA subjected him to an adverse action is

supported by substantial evidence, we need not address the ARB's legal causation analysis.  *See* 49 U.S.C. § 42121(b)(2)(B)(iii); 29 C.F.R. § 1979.109(a).

In sum, because the ARB neither erred in concluding that the ALJ did not abuse its discretion in excluding evidence or in finding that that the ALJ's determination that Kossen failed to prove an adverse action was supported by substantial evidence, we deny the petition for review.

**PETITION FOR REVIEW DENIED.**